UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ERMID F. AVILA** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 18-6081** |
| **BP EXPLORATION & PRODUCTION, INC., et al.** | **SECTION: "G" (1)** |

## ORDER

Before the Court is Plaintiff Ermid Avila's ("Plaintiff") "Motion to Stay."[1] On June 19, 2018, Plaintiff filed a Complaint against Defendants BP Exploration & Production Inc. and BP America Production Company ("Defendants"), alleging that exposure to crude oil and other hydrocarbons following the BP oil spill, which occurred in the Gulf of Mexico on April 20, 2010, caused Plaintiff chronic conjunctivitis and chronic pharyngitis.[2] In the instant motion, Plaintiff requests that the Court stay all litigation in the instant case to allow Plaintiff time to amend the complaint.[3] In opposition, Defendants argue that a stay is not warranted.[4] Having considered the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court will grant the motion.

## I. Background

Plaintiff brings this action pursuant to the Back End Litigation Option ("BELO") of the *Deepwater Horizon* Medical Benefits Class Action Settlement Agreement ("MSA") entered in the

---

[1] Rec. Doc. 13.

[2] Rec. Doc. 1.

[3] Rec. Doc. 13 at 1.

[4] Rec. Doc. 15 at 1.

1

Deepwater Horizon Oil Spill Litigation, MDL 2179.[5] The MSA provides the sole remedy to certain class members, including oil spill clean-up workers like Plaintiff, to sue Defendants for Later-Manifested Physical Conditions ("LMPC") as defined by the MSA.[6] The MSA defines an LMPC as:

> a physical condition that is first diagnosed in a medical benefits class member after April 16, 2012, and which is claimed to have resulted from . . . exposure to oil, other hydrocarbons, or other substance released from the MC252 WELL and/or the Deepwater Horizon and its appurtenances, and/or exposure to dispersants and/or decontaminants used in connection with the response activities. . . .[7]

Under the terms of the MSA, a class member must submit a Notice of Intent to Sue ("NOIS") to the MSA Claims Administrator.[8] The NOIS must be submitted "within 4 years after either the first diagnosis of" the LMPC or the effective date of the MSA, whichever is later.[9] The MSA Claims Administrator then performs a basic review of each NOIS to confirm that it satisfies all conditions set forth in the MSA.[10] The MSA Claims Administrator then transmits complaint NOISs to Defendants, who have 30 days to notify the MSA Claims Administrator whether they intend to mediate the claim.[11] The MSA Claims Administrator then notifies the class member of Defendants' decision, and if Defendants elect not to mediate the class member must file a BELO

---

[5] Rec. Doc. 1.

[6] *Id.*

[7] *In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico*, Case No. 10-MD-2179, Rec. Doc. 6427-1 at 20–21.

[8] *Id.* at 60.

[9] *Id.*

[10] *Id.* at 150–52.

[11] *Id.* at 61.

within six months of notice of that decision.[12]

In the Complaint, Plaintiff alleges that he worked as an oil-spill clean-up worker from approximately May 1, 2010 until May 31, 2011.[13] Plaintiff was a member of the *Deepwater Horizon* Medical Benefits Class Action.[14] Plaintiff alleges that as a result of exposure to oil, dispersants, and other harmful chemicals during his work cleaning up the spill, he was diagnosed with chronic conjunctivitis and chronic pharyngitis on February 28, 2013.[15] Pursuant to the terms of the MSA, a valid NOIS was issued on November 27, 2017.[16] On December 27, 2017, Defendants elected not to mediate.[17]

On June 19, 2018, Plaintiff filed a complaint in this Court alleging a BELO action against Defendants.[18] The case was assigned to Section "J."[19] On October 22, 2018, the case was reassigned to Section "G" under the MSA and the Court's case management orders.[20] On December 13, 2018, Plaintiff filed the instant motion to stay the litigation.[21] On December 24,

---

[12] *Id.* at 61, 67.

[13] Rec. Doc. 1 at 4.

[14] *Id.*

[15] *Id.* at 5.

[16] *Id.*

[17] *Id.*

[18] Rec. Doc. 1.

[19] Rec. Doc. 2.

[20] Rec. Doc. 3; MDL No. 2179, Rec. Doc. 6427-1.

[21] Rec. Doc. 13.

2018, Defendants filed an opposition.[22] With leave of Court, Plaintiff filed a reply on January 11, 2019.[23] On January 16, 2019, with leave of Court, Defendants filed a sur-reply in further support of the motion.[24]

## II. Parties' Arguments

### A. *Plaintiff's Arguments in Support of the Motion to Stay*

Plaintiff argues that a stay is warranted in this case because there are additional LMPCs that may be added to this litigation at a later date, and a stay would aid the Court in efficiently adjudicating all claims.[25] Plaintiff states that on August 6, 2018, he submitted a new NOIS to the Claims Administrator regarding two additional LMPCs for chronic diarrhea and Gastroesophageal Reflux Disease ("GERD").[26] Plaintiff contends that if the Claims Administrator decides that the NOIS complies with the MSA, the Claims Administrator will send the NOIS to Defendants for their decision on whether or not to mediate the claims.[27] Plaintiff asserts that if Defendants decline to mediate, he will be allowed to file a BELO action on the additional LMPCs, and he may want to amend his complaint to add these claims.[28]

Plaintiff states that the Claims Administrator has not yet informed him of whether Defendants will mediate the new LMPCs, and thus, he remains unsure whether he will later seek

---

[22] Rec. Doc. 15.

[23] Rec. Doc. 24.

[24] Rec. Doc. 27.

[25] Rec. Doc. 13-1 at 1.

[26] *Id.* at 3.

[27] *Id.* at 2.

[28] *Id.* at 3.

4

leave to amend the complaint.²⁹ Plaintiff insists that it would be duplicative and inefficient for the parties to conduct discovery and then seek leave to amend the complaint after the case has significantly progressed.³⁰ Plaintiff contends that it would be "premature for the parties to conduct the scheduling conference before the Claims Administrator approves the additional medical conditions, issues a valid NOIS, and BP Defendants decide whether to mediate."³¹

Plaintiff also argues that if the Court denies the stay and proceeds with only the current claims, issue or claim preclusion may later prevent him from asserting the new LMPCs in another case.³² Alternatively, Plaintiff avers that if he can later litigate the new LMPCs in a separate case, the litigation would be duplicative and an inefficient use of Court resources.³³ For these reasons, Plaintiff urges the Court to "use its discretion to stay the proceedings to allow the Claims Administrator to review the claimed medical conditions to enable all issues of law and fact to be resolved in a single action."³⁴

### B. *Defendants' Arguments in Opposition to the Motion to Stay*

Defendants argue that the Court should deny Plaintiff's request for a stay because the "purported ground for the motion is factually inaccurate and legally without merit."³⁵ First, Defendants assert that Plaintiff misrepresents the new NOIS because it lists only chronic diarrhea,

---

²⁹ *Id..*

³⁰ *Id.*

³¹ *Id.*

³² *Id.* at 4.

³³ *Id.*

³⁴ *Id.*

³⁵ Rec. Doc. 15 at 1.

not GERD.[36] Defendants also allege that chronic diarrhea and GERD are not "new conditions" because both were listed on the medical form that Plaintiff submitted for his first NOIS in 2013.[37]

Defendants aver that "[u]nder the MSA, a claim for an injury or illness may be alleged in a BELO lawsuit only if the Plaintiff has first satisfied all of the MSA's conditions precedent. One of those conditions precedent is submission of a timely NOIS to the Claims Administrator. An NOIS is timely only if it was submitted within four years of the date the physical condition was first diagnosed or the MSA's effective date (February 12, 2014), whichever is later."[38] Defendants argue that because chronic diarrhea and GERD were listed on Plaintiff's medical form dated February 28, 2013, he was required to file a claim regarding these conditions by February 12, 2018, four years from the effective date of the MSA.[39] Therefore, Defendants argue that Plaintiff's second NOIS will be denied by the Claims Administrator as untimely and there will be no additional claims added to the case.[40]

Defendants further assert that Plaintiff has not satisfied the legal burden to prove that a stay is warranted.[41] Defendants argue that legally, Plaintiff's motion does not cite authority or give arguments regarding the legal standard or how it is satisfied in this case.[42] Defendants also contend that one of the factors a court considers when determining whether to grant a stay is possible

---

[36] *Id.* at 5.

[37] *Id.* at 6.

[38] *Id.* at 7.

[39] *Id.*

[40] *Id.*

[41] *Id.* at 6.

[42] *Id.*

hardship or inequity on the moving party if a stay is not granted.[43] Defendants insist that because Plaintiff's second NOIS will be denied, he will not suffer a hardship and cannot factually prove the hardship element.[44]

Finally, Defendants aver that Plaintiff filed the request for a stay as a tactic to delay the proceedings because Plaintiff's counsel are overwhelmed with their BELO caseload.[45] Defendants allege that Plaintiff's counsel have over four hundred thirty BELO lawsuits and have attempted to delay other cases with a similar request for a stay based on a new NOIS.[46] Defendants argue that Plaintiff's counsel "should not be allowed to assert requests for stays lacking the required supporting NOIS and medical records in hopes of alleviating their workload in the cases they have chosen to impose on the Courts and the BP Parties."[47] For these reasons, Defendants assert that the motion to stay is without merit and request that the Court deny the motion.[48]

### C. Plaintiffs' Arguments in Further Support of the Motion to Stay

In reply, Plaintiff argues that the Court should issue a stay in the case because the second NOIS does not include untimely claims, the claims may be added at a later date, and proceeding with the case would create hardship for the parties and the Court.[49] Plaintiff contends that acute diarrhea was listed on his February 28, 2013 medical record, but the record clearly indicated that

---

[43] *Id.*

[44] *Id.* at 7.

[45] *Id.*

[46] *Id.* at 7–8.

[47] *Id.* at 8.

[48] *Id.*

[49] Rec. Doc. 24.

7

there was only a "complaint of" this condition, not a diagnosis.[50] Plaintiff asserts that since his 2013 examination, the diarrhea has worsened over time and is now officially diagnosed as a chronic condition.[51] Plaintiff also alleges that the 2013 medical record listed stomach function disorder as a condition he complained of, but this condition, which was also not diagnosed, is different from the GERD diagnosis that is included on the new NOIS.[52] Therefore, Plaintiff argues that chronic diarrhea and GERD are newly diagnosed conditions, and the second NOIS was not untimely.[53]

Plaintiff contends that the legal standard for granting a stay is "(1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated."[54] On the first factor, Plaintiff noted that Defendants did not assert in their opposition that they would be prejudiced by a stay.[55] Plaintiff contends that this is because Defendants would not suffer any prejudice because of a stay, and instead a stay would actually allow Defendants to avoid re-litigation.[56] Plaintiff also insists that Defendants' claim that the

---

[50] *Id.* at 2.

[51] *Id.* at 2–3.

[52] *Id.* at 3.

[53] *Id.*

[54] *Id.* at 3 (quoting *La. Stadium & Exposition Dist. v. Fin. Guar. Ins. Co.*, No. 09-235, 2009 WL 926982, at *1 (E.D. La. Apr. 2, 2009)).

[55] *Id.* at 4.

[56] *Id.*

8

request for a stay is solely a delay tactic is unfounded.[57] Plaintiff asserts that Plaintiff's counsel have requested a similar stay in only five of their cases, and in each case, the claimants either received recent diagnoses or had conditions that worsened from acute to chronic.[58] Plaintiff avers that in each case, filing a new NOIS was the proper course.[59]

On the second and third factors, Plaintiff avers that a stay would avoid hardship on all parties involved and serve the interests of judicial economy.[60] Plaintiff insists that if the Claims Administrator approves his second NOIS, the two new conditions could potentially be added to this litigation via an amended complaint.[61] Plaintiff asserts that a stay would prevent this case from progressing to the point where amending the complaint would be burdensome on the parties and the Court.[62] Plaintiff also contends that a stay would avoid duplicative litigation and save the parties time and money.[63] Accordingly, Plaintiff argues that "the facts of this case legally merit a stay of proceedings until a determination [is received] from the claims administrator."[64]

### D. *Defendants' Arguments in Further Opposition to the Motion to Stay*

In the sur-reply, Defendants argue that Plaintiff has not proven that he is entitled to a stay

---

[57] *Id.*

[58] *Id.*

[59] *Id.*

[60] *Id.*

[61] *Id.* at 5.

[62] *Id.*

[63] *Id.*

[64] *Id.* at 4.

9

in this case.⁶⁵ Defendants contend that Plaintiff has not provided the Court with documentation proving his new diagnoses because Plaintiff failed to include evidence of his new conditions or the date of their diagnosis in either his motion or his reply.⁶⁶ Defendants aver that because Plaintiff has failed to provide evidence of his alleged conditions, he "has not shown that he has satisfied the conditions precedent for another BELO lawsuit under the [MSA]."⁶⁷ Defendants argue that this is fatal to Plaintiff's motion.⁶⁸

Defendants also argue that Plaintiff cannot meet the legal standards for a stay because he did not meet his heavy burden of proof.⁶⁹ First, Defendants assert that Plaintiff attempted to improperly shift the burden of proof unto them while failing to prove inequity or hardship if a stay is denied.⁷⁰ Second, Defendants allege that even though Plaintiff did not meet his burden of proof, his attempts to do so in his reply brief are insufficient.⁷¹ Defendants assert that "[a]rguments cannot be raised for the first time in a reply brief. Those arguments are waived."⁷² For these reasons, Defendants urge the Court to deny the motion to stay the scheduling order.⁷³

---

⁶⁵ Rec. Doc. 27 at 1–2.

⁶⁶ *Id.*

⁶⁷ *Id.* at 2.

⁶⁸ *Id.*

⁶⁹ *Id.*

⁷⁰ *Id.*

⁷¹ *Id.* at 2–3.

⁷² *Id.* (quoting *Benefit Recovery, Inc. v. Donelon*, 521 F.3d 326, 329 (5th Cir. 2008)).

⁷³ *Id.* at 3.

## III. Law and Analysis

Pursuant to United States Supreme Court and Fifth Circuit precedent, it is well settled that a district court has the inherent power to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants,"[74] and that this authority includes the district court's wide discretion to grant a stay in a pending matter.[75] "Proper use of this authority 'calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.'"[76] On a motion to stay a proceeding, the moving party bears the burden to show that a stay is warranted.[77] As the Fifth Circuit has held, when "the interests of justice seem[] to require such action," a court may exercise its discretion to stay civil proceedings, postpone discovery, or impose protective orders and conditions.[78] The Supreme Court has instructed that a party requesting a stay "must make out a clear case of hardship or inequity in being required to go forward if there is even a fair possibility that the stay would harm another party."[79] Nonetheless, "these considerations are counsels of moderation rather than limitations upon power."[80]

Here, the Court finds that Plaintiff has shown that a stay of this matter is warranted. Under

---

[74] *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

[75] *In re Ramu Corp.*, 903 F.2d 312, 318 (5th Cir. 1990).

[76] *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 545 (5th Cir. 1983) (quoting *Landis*, 299 U.S. at 254–55).

[77] *See Ruiz v. Estelle*, 666 F.2d 854, 856 (5th Cir. 1982); *Drummond v. Fulton Cty. Dep't of Family & Children's Servs.*, 532 F.2d 1001, 1002 (5th Cir. 1976).

[78] *United States v. Kordel*, 397 U.S. 1, 12 n.27 (1970); *see also Mayo v. Tri-Bell Indus.*, 787 F.2d 1007, 1012 (5th Cir. 1986).

[79] *Ates v. Delta Air Lines, Inc.*, No. 15-3228, 2015 WL 5774979, at *3 (E.D. La. Sept. 30, 2015) (Brown, J.) (citing *Landis*, 299 U.S. at 255).

[80] *Id.* (citing *Landis*, 299 U.S. at 255) (internal quotation marks omitted).

the MSA, claimants are only allowed to file a BELO action after the Claims Administrator determines that the NOIS complies with the terms of the MSA and Defendants decline to mediate.[81] Plaintiff submitted his second NOIS to the Claims Administrator on August 6, 2018.[82] The Claims Administrator has not yet rendered a determination on whether this second NOIS complies with the terms of the MSA, and Defendants have not decided whether they will elect to mediate.[83] Under the terms of the MSA, Plaintiff cannot move to amend the complaint to raise these claims in this Court or file a new BELO action until after that process is complete. Allowing the case to proceed before this process is complete could result in duplicative litigation, and it is unclear whether Plaintiff would be barred from raising these claims in subsequent litigation. Therefore, the Court finds that a stay would promote judicial economy and efficient administration of this case.

Defendants argue that a stay is not warranted because Plaintiff's second NOIS was untimely and will be denied by the MSA Claims Administrator. In reply, Plaintiff contends that the second NOIS was timely filed because chronic diarrhea and GERD are newly diagnosed conditions, and the second NOIS was not untimely. The MSA Claims Administrator will make an initial determination as to whether these claims were timely filed and comply with the MSA.

Plaintiff cites a decision by another district court in the Eastern District of Louisiana which sets forth three factors district courts consider in deciding whether to stay a case pending a determination on whether the case will be consolidated with other cases by the Judicial Panel on

---

[81] MDL No. 2179, Rec. Doc. 6427-1 § II.UUU., at 21.

[82] Rec. Doc. 13-1 at 1.

[83] *Id.*

Multidistrict Litigation.[84] These factors include: "(1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated."[85] Although not directly applicable here, these factors also weigh in favor of granting the motion to stay. Defendants have not alleged that they would be prejudiced by a stay, whereas Plaintiff could be prejudiced if this action is not stayed. Furthermore, staying the case would avoid duplicative litigation.

In their sur-reply, Defendants also argue that Plaintiff's legal arguments in support of a stay "come too late" because Plaintiff first articulates a legal standard for a stay in the reply.[86] Defendants are incorrect in their interpretation of the Fifth Circuit case that they cite. In *Benefit Recovery, Inc. v. Donelon*, the Fifth Circuit declares that petitioners cannot raise a legal argument for the first time in their reply briefs on appeal.[87] The Fifth Circuit has not stated that parties may not present new arguments in replies to district Court motions. Further, though Plaintiff did not include the legal standard for a stay in his initial motion, Plaintiff's arguments for why he would face inequity or hardship were all included in the initial motion. Thus, Defendants' assertion that Plaintiff's legal arguments are too late is without merit.

---

[84] Rec. Doc. 23 at 3 (citing *La. Stadium & Exposition Dist.*, 2009 WL 926982, at *1).

[85] *La. Stadium & Exposition Dist.*, 2009 WL 926982, at *1.

[86] Rec. Doc. 27 at 2.

[87] 521 F.3d at 239 ("Benefit seeks to invoke our appellate power through a back door: In its reply brief, it urges that parties do not expect cross-motions for summary judgment to end their case. Regardless of the legal merits of such an expectation, Benefit has waived our review of the dismissal of the case, because arguments cannot be raised for the first time in a reply brief."); *see also Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993) ("Yohey also raises claims in his reply brief that are either completely new, essentially state no claim for relief, or were not raised in his initial appellate brief. This Court will not consider a claim raised for the first time in a reply brief.").

For these above-stated reasons, the Court will exercise its discretion and stay this matter pending a decision of the Claims Administrator on whether Plaintiff's second NOIS complies with the MSA and notification regarding Defendants' election on whether to mediate the claims raised in Plaintiff's second NOIS.

Accordingly,

**IT IS ORDERED** that Plaintiff Ermid Avila's "Motion to Stay"[88] is **GRANTED** and this matter is **STAYED** and **ADMINISTRATIVELY CLOSED.**

**IT IS FURTHER ORDERED** that the parties are to file a motion to re-open the litigation after the Claims Administrator has rendered a decision on whether Plaintiff's second Notice of Intent to Sue complies with the MSA and Plaintiff receives notice regarding Defendants' election on whether to mediate the claims raised in Plaintiff's second NOIS.

**NEW ORLEANS, LOUISIANA**, this 11th day of February, 2019.

                                        **NANNETTE JOLIVETTE BROWN**
                                        **CHIEF JUDGE**
                                        **UNITED STATES DISTRICT COURT**

---

[88] Rec. Doc. 13.